UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| HANNA ALBINA and AUSTIN WILLARD, individually and on behalf of others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| THE ALIERA COMPANIES, INC., et al., | ) ) ) ) |
| Defendants. | ) |

Civil Case No.
5:20-cv-496-JMH

**MEMORANDUM OPINION AND ORDER**

\*\*\*

This matter comes before the Court on the Parties' briefs regarding whether this action should be stayed in its entirety due to Defendant Trinity Healthshare, Inc.'s bankruptcy proceedings. [DE 59; DE 60]. Previously, the Court directed the Parties to file a joint status report indicating whether they believe it would be efficient or preferable to continue forward with Defendants The Aliera Companies, Inc. ("Aliera") and Oneshare Health, LLC d/b/a Unity Healthshare, LLC ("Unity"), who are not subject to the bankruptcy stay, or whether this entire action should be held in abeyance during the pendency of the bankruptcy proceedings. [DE 54]. After discussing the matter as directed, Aliera and Unity agreed that a stay is appropriate, but Plaintiffs believed this case should proceed against Aliera and Unity. *See* [DE 57]. The Court then directed the Parties to file simultaneous briefs

explaining their respective positions for why this case should or should not be stayed in its entirety due to the intertwined nature of both the claims and the briefing on the pending dispositive motions. [DE 58]. Since this matter has been briefed, [DE 59; DE 60], the Court turns to the Parties' arguments.

## I. DISCUSSION

While the Court agrees with Plaintiffs that "the automatic stay provision in 11 U.S.C. § 362 only applies to the debtor (here, Trinity)" and, therefore, cannot be invoked by Aliera and Unity, that does not mean the Court may not otherwise stay this matter while Trinity's bankruptcy proceedings are ongoing. [DE 59, at 2 (quoting *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir. 1983)). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). When determining whether to grant a stay, courts typically consider the following factors: "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court." *Abington Emerson Capital, LLC v. Adkins*, No. 2:17-CV-143, 2018 WL 2454601, at *2 (S.D. Ohio June 1, 2018)

2

(citations omitted). The party seeking the stay "bears the burden of showing both a need for delay and that 'neither the other party nor the public will suffer harm from entry of the order.'" *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)).

In the present case, Aliera asks the Court to stay this matter pending the dismissal of Trinity's bankruptcy proceedings because (1) Aliera is inextricably intertwined with Plaintiffs' claims against Trinity; (2) Aliera's role as administrator of Trinity's sharing program and indemnification provisions in the agreements between Aliera and Trinity are at issue in the bankruptcy proceedings; (3) Aliera and Trinity would be prejudiced if Trinity is not able to participate in the defense of Plaintiffs' claims; and (4) judicial economy and efficiency weigh in favor of granting a stay. [DE 60]. Unity consents to Aliera's request for a stay and agrees that judicial economy and efficiency weigh in favor of a stay, but Unity does not formally join Aliera's brief because it includes arguments and information regarding Aliera and Trinity's relationship that Unity is not familiar with. *See id*. at 1 n.1.

Plaintiff alleges that Aliera administered health insurance plans for Unity and Trinity, both of which purport to be healthcare sharing ministries ("HCSM"), that were unauthorized and illegal under Kentucky law. *See* [DE 1]. Aliera contends, "If Trinity and Unity operate valid HCSM programs, then they are necessarily not

3

insurance, and Plaintiffs' substantive counts fail. As to Trinity, this issue is in the purview of the Bankruptcy Court." [DE 60, at 4]. Specifically, Aliera asserts that whether "Trinity's sharing program is insurance . . . is an issue to be determined by the Bankruptcy Court in allocating assets and determining sources of the assets." *Id.* at 6.

Aliera further asserts that Trinity's status as an HCSM is of great import because that determination affects Aliera's indemnification claims. *Id.* at 5-6. Since the Bankruptcy Court must decide the issue of whether Trinity's sharing program is, in fact, insurance, it is indisputable that a stay will simplify the issues before this Court while also reducing the burden of litigation on issues stemming therefrom. By not granting the request for a stay and opting to decide the pending Motions [DE 32; DE 33; DE 35] requesting either dismissal or arbitration, the Bankruptcy Court and this Court could reach different determinations on the same issue. Moreover, if this Court were to send this matter to arbitration while the bankruptcy proceedings are ongoing, Trinity would be unable to participate in arbitration, and the arbitrator could reach an inconsistent decision regarding whether Trinity's sharing program qualifies as insurance. Accordingly, judicial economy and efficiency weigh in favor of staying this matter in its entirety.

4

While the Court acknowledges that the pending Motions [DE 32; DE 33; DE 35] are fully briefed and require no discovery, the Court disagrees with Plaintiffs' argument that "it is better to decide the issue now rather than to start the case anew following resolution of the bankruptcy." [DE 59, at 3]. Plaintiffs' concerns that the stay will result in a delay that prejudices Plaintiffs are not entirely unfounded, but they are general concerns that arise from any delay, such as witnesses becoming unavailable, memories fading, and the dissipation of assets. *Id.* at 3-4. However, as Aliera correctly asserts, Trinity's bankruptcy proceedings are pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code, which "was designed to expedite the bankruptcy process for small business debtors to allow them to reorganize quickly, inexpensively, and efficiently . . . ." [DE 60, at 2 (citing *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 336 (Bankr. S.D. Fla. 2020); *In re Trepetin*, 617 B.R. 841, 846-47 (Bankr. D. Md. 2020))].

The same day Trinity filed its petition for bankruptcy, it filed its plan of reorganization. [DE 60, at 2]. Thus, there is no indication that the bankruptcy proceedings will take longer than necessary or that Trinity is purposely delaying this matter. Whatever delay results from the stay would be offset by the benefit the Parties and Court would receive by the Bankruptcy Court narrowing some of the issues. Any prejudice to Plaintiffs would be

5

minimal, and Plaintiffs would not be placed at a tactical disadvantage.

On the other hand, if this matter is not stayed pending the bankruptcy proceedings, and assuming the bankruptcy stay pertaining to Trinity is no impediment to Aliera procuring information from Trinity for Aliera's defense, as Plaintiffs claim, [DE 59, at 5], a decision limited to Aliera and Unity would decide issues that affect Trinity. Since Trinity would be unable to participate following this Court's decision and prior to the conclusion of the bankruptcy proceedings, Trinity would be prejudiced by its inability to appeal this Court's decision or otherwise defend itself either in this Court, the Sixth Circuit Court of Appeals, or during arbitration. If Trinity can participate again, depending on this Court's decision, the Parties may be forced to relitigate certain matters that were decided in Trinity's absence or participate in discovery twice. For the foregoing reasons,

**IT IS ORDERED** as follows:

(1) This matter is **STAYED** in its entirety pending the termination of the automatic stay imposed by Defendant Trinity Healthshare, Inc.'s bankruptcy proceedings; and

(2) No later than **fourteen (14) days** after termination of the automatic stay in Trinity Healthshare, Inc.'s bankruptcy

6

proceedings, the Parties shall file a joint status report with the Court explaining the results of the bankruptcy proceedings.

This 10th day of August, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge