Eastern District of Kentucky
F I L E D
NOV 0 8 2021
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| HANNA ALBINA and AUSTIN WILLARD, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE ALIERA COMPANIES, INC., TRINITY HEALTHSHARE, INC., and ONESHARE HEALTH, LLC d/b/a UNITY HEALTHSHARE, LLC,<br><br>Defendants. | Case No.: 5:20-CV-00496-JMH<br><br>***ELECTRONICALLY FILED*** |

**ORDER CERTIFYING CLASS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 23**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Plaintiffs having filed a Motion to Certify Class as to The Aliera Companies, Inc., the Plaintiffs having submitted memoranda in support of their motion, the Defendant The Aliera Companies, Inc., not being represented by counsel, and the Court having considered the matter herein and otherwise being sufficiently advised, for the reasons discussed below, IT IS NOW THEREFORE ORDERED AND ADJUDGED that Plaintiffs' motion to certify the class is GRANTED. The Court certifies the class as follows:

> All persons who, while a Kentucky resident, purchased or were covered by a plan from The Aliera Companies, Inc., and Trinity HealthShare, Inc., that purported to be a "health care sharing ministry."

The Class is certified only against Defendant The Aliera Companies, Inc.

The Court further issues the following Findings of Fact and Conclusions of Law relating to class certification:

## FINDINGS OF FACT

1. Plaintiffs and those they seek to represent were sold health care plans which Defendant The Aliera Companies, Inc. ("Aliera") is in the business of marketing, selling, and administering health plans, including plans issued by a purported HCSM, Trinity HealthShare, Inc. (now known as Sharity Ministries, Inc.).

2. Aliera, acting through its officers, directors, shareholders, or employees, created Trinity Healthshare, Inc. ("Trinity"). Trinity issued health care plans that purported to be an authorized health care sharing ministry ("HCSM") and thus exempt from state and federal insurance codes.

3. To qualify as an HCSM, federal law requires the entity to have "been in existence at all times since December 31, 1999," and that the medical expenses of its members must have been "shared continuously and without interruption since at least December 31, 1999." 26 U.S.C. § 5000A(d)(2)(B)(ii). Plaintiffs allege that Aliera created Trinity on June 27, 2018 and is thus ineligible to qualify as an authorized HCSM under federal law.

4. Kentucky defines insurance as "a contract whereby one undertakes to pay or indemnify another as to loss from certain specified contingencies or perils called 'risks' or to pay or grant a specified amount or determinable benefit or annuity in connection with ascertainable risk contingencies, or to act as surety." KRS 304.1-303. Plaintiffs allege that the Trinity plans marketed, sold, and administered by Aliera qualified as insurance under Kentucky law. Plaintiffs further allege that said plans do not qualify as a "religious organization" that is exempted from the provisions of the Kentucky Insurance Code pursuant to KRS 304.1-120(7). If Plaintiffs

allegations are true, the health plans sold by Aliera and Trinity would be subject to the provisions of the Kentucky Insurance Code.

5. The above, standing alone, constitute a common legal issue that predominates over any individual questions in this case and is best suited for resolution on a class-wide basis. Therefore, the Court need not decide at this stage which other issues in the case also may be resolved on a class-wide basis.

6. According to the uncontroverted evidence provided by Trinity's chief restructuring officer, Aliera sold health care plans to 378 unique Kentucky households since 2018.

7. Aliera is in default in this action because it is a corporation that is not represented by counsel and a corporation may not appear *pro se* in the federal courts. The Court previously allowed Aliera's former counsel to withdraw and allowed Aliera 30 days to obtain new counsel. That time has elapsed and no other attorney has entered an appearance for Aliera.

8. Aliera has begun liquidation procedures under Georgia law, Ga. Code. Ann. §§ 18-2-40 *et seq.*, by recording a deed of assignment for the benefit of creditors and has assigned its remaining assets and debts to Asset Recovery Associates Aliera, LLC, with a claims-barred date of January 11, 2022, which will allow Aliera to disperse its remaining assets outside the protections afforded to creditors by the United States Bankruptcy Code.

## **CONCLUSIONS OF LAW**

The Court may certify a class against a party that is in default as long as a default judgment has not yet been entered against that party. *Skeway v. China Nat. Gas, Inc.*, 304 F.R.D. 467, 472 (D. Del. 2014) ("where a defendant failed to appear, an entry of default by the clerk of

the court has not prevented district courts from considering whether to certify a class prior to the entry of a default judgment against a defendant").

The Court concludes that class certification against The Aliera Companies, Inc., is appropriate in this case for the following reasons.

### A. Class Certification Standard

The proposed class defined above should be certified because all requirements of Federal Rule of Civil Procedure 23 are satisfied, including those of FRCP 23(a) and FRCP 23(b)(3).

### B. FRCP 23(a) Requirements

Plaintiffs meet all four requirements of FRCP 23(a)—numerosity, commonality, typicality, and adequacy of representation.

#### 1. Numerosity

Plaintiffs have presented uncontroverted evidence that Aliera sold Trinity contracts to 378 unique households in Kentucky. Plaintiffs' claims cover all purchasers of the contracts as well as any other persons covered under the contracts. It would be unwieldy and not in the interest of judicial efficiency if the Court were required to litigate at least 378 separate claims arising from the same subject matter. Therefore, the Court finds that Plaintiffs' proposed class is sufficiently numerous to satisfy FRCP 23(a)(1).

#### 2. Commonality

Federal Rule of Civil Procedure 23(a)(2) requires that Plaintiffs show that there are common questions of law or fact common to the class. The overarching contention asserted by Plaintiffs in this case is that the health plans marketed, sold, and administered by Aliera and Trinity were not authorized HCSM plans and were actually health care insurance plans. Other common questions include (1) whether Kentucky insurance laws and regulations forbid the

creation, marketing, sale, or administration of health care insurance without authorization or other legal exception; and (2) whether Aliera failed to obtain proper authorization for the products it sold to Kentucky customers.

Each of these questions is a common question of the class members, and more importantly, is subject to common answers. The factual and legal issues presented by the class members are common questions of law and fact capable of class-wide resolution. Therefore, this Court finds that the class members' claims are sufficiently common per FRCP 23(a)(2).

### 3. Typicality

The typicality prerequisite requires Plaintiffs to demonstrate that the claims and defenses of the representative plaintiffs are typical of the claims and defenses of all members of the proposed class.

Here, the type of harm suffered by Plaintiffs is the same harm that has been suffered by the entire class. Each of the Plaintiffs and putative class members was sold an illegal health insurance plan designed, marketed, sold, and administered by Aliera, in violation of federal and Kentucky insurance laws, under the guise of an HCSM. Because the claims being pursued are nearly identical among Plaintiffs and putative class members, the damages sought by each of them is nearly identical, too. Therefore, the Court finds that the typicality prong of FRCP 23(a)(3) is satisfied.

### 4. Adequacy of Representation

To satisfy the requirements of FRCP 23(a)(4), Plaintiffs must demonstrate that that they have common interests with unnamed members of the class and that they will prosecute the interests of the class by qualified counsel.

All Plaintiffs and putative class members are similarly situated. All had purchased or were covered by an allegedly illegal health care insurance plan that was designed, marketed, sold, and administered by Aliera under the guise of an authorized HCSM. There are no apparent conflicts between the class representatives and any class member in this case. Plaintiffs are willing and able to actively participate in this litigation to protect the interests of the class members and have retained attorneys competent and experienced in class actions and other complex litigation.

Therefore, the Court finds that Plaintiffs are adequate representatives of the class, and their counsel will be adequate class counsel, satisfying the requirements of FRCP 23(a)(4).

### C. FRCP 23(b)(3) Requirements

In addition to the requirements identified in FRCP 23(a), Plaintiffs seeking certification of a class must also establish, pursuant to FRCP 23(b)(3) the following: (1) that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (2) that a class action is superior to other available methods of adjudicating the controversy. Both are satisfied.

#### 1. Common Questions Predominate

The Court finds that Plaintiffs have satisfied the requirement of FRCP 23(b)(3) that questions of law or fact common to the class predominate over questions affecting only individual class members. The primary contention in this case is that Aliera is liable for marketing, selling, and administering health care insurance plans under the guise of an authorized HCSM that did not provide the coverage the plans promised and were subject to Kentucky and federal insurance laws and regulations. This common question deals exclusively with Aliera's conduct and not that of any individual class member. All class members share the

same contention against Aliera. Furthermore, the claims are of a contractual nature and the damages alleged by Plaintiffs constitute either (a) the return of payments made to Aliera under the contract of payment, or (b) claims submitted to Aliera that should have been paid but were not. Those matters of individualized damages can easily be ascertained by reference to the books of Aliera or Trinity. The books of Trinity appear to be in possession of a restructuring officer appointed by the United States Bankruptcy Court for the District of Delaware and are readily available to the Court.

The forgoing findings indicate that common legal issues predominate over any individualized issues of damages, and establishes that the predominance requirement is satisfied.

### 2. Superiority

When considering whether a class action is the superior method of adjudicating the claims presented, the Court should consider the four non-exhaustive factors identified in FRCP 23(b)(3)(A)-(D), all of which favor maintaining the instant litigation as a class action:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Given the significant cost of pursuing these claims individually as compared to the possible recovery by any individual class member, class litigation is superior because few individuals possess a rational interest in pursuing their claims in separate actions. Furthermore, in this case Aliera has already entered liquidation proceedings under Georgia law, and the claims-barred date is January 11, 2022. There is little practical chance at this point that

individual class members could file their own suit and reduce their claims to judgment in time to file claims against Aliera before the claims-barred date, but there is a realistic possibility that the class representatives will be able to do so on behalf of the class.

Furthermore, while other purported class actions have been filed in other jurisdictions, the determinations of law and the remedies sought are specific to the respective states' insurance laws. The Court is aware of no existing litigation by any putative class member, or any other proposed class action in Kentucky, seeking the same relief as Plaintiffs here.

This Court is the appropriate forum because the health care plans were marketed, sold, and administered to class members living in Kentucky. Both Plaintiffs reside in the Eastern District of Kentucky.

There will be no undue difficulty in managing the litigation as a class action, especially when compared to the complications of managing more than 378 separate actions by individual persons aggrieved by the alleged conduct of Aliera.

Therefore, the Court finds that the proposed class meets the requirements of FRCP 23(b)(3) because common questions of fact and law predominate and because a class action is the superior method of adjudication. Accordingly, certification of the proposed class is warranted.

## ORDER

For the reasons set forth above, the Court finds Plaintiffs have satisfied their requirements under FRCP 23(a) and FRCP 23(b)(3), and, pursuant to FRCP 23(c)(1), the Court hereby GRANTS their motion for class certification for the class against The Aliera Companies, Inc., defined as follows:

> All persons who, while a Kentucky resident, purchased or were covered by a plan from The Aliera Companies, Inc., and Trinity

HealthShare, Inc., that purported to be a "health care sharing ministry."

The Court further designates Hanna Albina and Austin Willard as Class Representatives, for the reasons set forth above.

The Court further designates Jerome P. Prather, Garmer & Prather, PLLC; James J. Varellas III and D. Todd Varellas, Varellas & Varellas; Richard E. Spoonemore and Eleanor Hamburger, Sirianni Youtz Spoonemore Hamburger PLLC; and William H. Anderson, George Farah, Rebecca P. Chang, and Stephen Pearson, Handley Farah & Anderson, PLLC, as Class Counsel.

IT IS SO ORDERED.



This the 8th day of November, 2021.

Joseph M. Hood
United States District Judge