IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| HANNA ALBINA and AUSTIN WILLARD, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE ALIERA COMPANIES, INC., TRINITY HEALTHSHARE, INC., and ONESHARE HEALTH, LLC d/b/a UNITY HEALTHSHARE, LLC,<br><br>Defendants. | Case No.: 5:20-CV-00496-JMH<br><br>***ELECTRONICALLY FILED*** |

**DEFAULT JUDGMENT AGAINST
THE ALIERA COMPANIES, INC.**

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

It appearing that Defendant the Aliera Companies, Inc., is in default by the failure to appear before the Court by counsel (DE 69), the Clerk having previously noted Aliera's default on the docket by order of the Court (D.E. 70), and seven or more days having elapsed since entry of the default and notice of Plaintiffs' motion for default judgment, without any appearance of Aliera by counsel, the Court having previously certified this matter as a class action pursuant to Fed. R. Civ. P. 23(2) and 23(b)(3) (D.E. 68), the Court having reviewed the motion, memoranda, and evidence submitted by Plaintiffs, the Court now finds as follows.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1.   The Aliera Companies, Inc. ("Aliera") entered into contracts with Plaintiffs and various Kentucky residents defined in the class herein to pay medical expenses on the determination of certain contingencies. Pursuant to KRS 304.1-030, those contracts constituted

"insurance" and are therefore subject to the Kentucky insurance code. There is an exception to application of the Kentucky insurance code afforded to certain religious organizations by KRS 304.1-120(7), but that exception does not apply to the plans sold by Aliera because, *inter alia*, Aliera is not a nonprofit religious association, Aliera did not limit the sales of its plans to participants who were members of the same denomination or religion, Aliera did not match specific participants who have financial, physical, or medical needs with participants who choose to assist with those needs, the contractual amounts paid to Aliera were not voluntary, and Aliera and Trinity, through its member guide, did assume specific risks or make specific promises to pay certain medical expenses that were not discretionary with Aliera and/or Trinity.

2. Aliera held itself out as providing health care sharing ministry ("HCSM") products of Trinity HealthShare, Inc. ("Trinity") (no known as Sharity Ministries, Inc.), but Trinity did not qualify as an HCSM under United States law, 26 U.S.C. § 5000A(d)(2), because, *inter alia*, Trinity or its predecessors have not been in continuous existence since December 31, 1999, and Trinity did not conduct an annual audit performed by an independent certified public accounting firm at all times during its existence. According to the declaration of Neil Luria, no outside audit was performed for the year 2018 or any year thereafter.

3. Aliera misled the class members into entering contracts for a product that was not what it purported to be and did not comply with applicable federal or state law. Because the products Aliera sold to the class members met the definition of insurance under Kentucky law, it was required to comply with the Kentucky insurance code and it failed to do so, to the damage of the class members.

4. Each Plaintiff or class member at his or her option is entitled to rescind his or her contract with Aliera or reform his or her contract with Aliera so as to comply with applicable

insurance law, including Kentucky law and the law of the United States, which among other things, prohibits the exclusion of pre-existing conditions, prohibits waiting periods for coverage, and prohibits insurers from selectively paying claims to different insured in a different manner. Those Plaintiffs or class members who choose to rescind their contracts with Aliera are entitled to judgment in the amount of all payments made to Aliera for purchase of products sold by Trinity Healthshare, Inc. ("rescission damages"). Those Plaintiffs or class members who choose to reform their contracts with Aliera are entitled to judgment in the amount of all claims submitted to Aliera for payment by Trinity Healthshare, Inc., but not previously paid ("reformation damages").

5. The uncontroverted declaration of Neil Luria (D.E. 64-5), the Chief Restructuring Officer of Sharity Ministries Inc. (the company formerly known as Trinity Healthshare, Inc.), is sufficient evidence of both the amount of contract payments made to Aliera for Trinity plans, and the amount of claims submitted to Aliera but unpaid for Trinity plans. Plaintiff Austin Willard made total contractual payments to Aliera and Trinity of $16,038.75. Mr. Willard submitted total medical bills to Aliera and Trinity that have not been paid of $16,255.24. On a classwide basis, the contract payments to Aliera and Trinity by all class members total $2,189,003, and the medical bills submitted to Aliera and Trinity by all class members that have not been paid total $3,112,951.

6. Mr. Willard has elected to reform his contract and therefore is entitled to receive judgment of his reformation damages, in an amount of the total medical bills submitted by him to Aliera but unpaid.

7. The class members have not yet had the opportunity to elect the measure of damages each will receive. Presumably, each will make the rational decision to elect to receive

the higher of the rescission damages or reformation damages available to him or her on an individual basis. Neil Luria has provided a Second Declaration, dated November 11, 2021, and filed in the record herein on November 12, 2021. Mr. Luria's Second Declaration provides sufficient evidence of the total amount of damages sustained by the class members, based on each class member's presumed election to take the higher amount of damages available to him or her. The aggregate amount of those damages, based on the presumed individual elections, is $4,696,124. The Court finds that this amount represents the total damages of the class known at this time.

## JUDGMENT

IT IS NOW THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

The Court grants default judgment in favor of Austin Willard, against The Aliera Companies, for reformation of his contract with The Aliera Companies in order to comply with applicable insurance laws, in the amount of $16,255.54.

The Court grants default judgment in favor of the class of all persons who, while a Kentucky resident, purchased or were covered by a plan from Aliera and Trinity Healthshare, Inc., that purported to be a "health care sharing ministry." The amount of the judgment is the aggregate rescission damages or reformation damages of the class, presuming each individual class member elects the higher measure of available damages, $4,696,124, less the judgment in favor of Austin Willard, individually, for a total judgment in favor of the absent class members of $4,679,868.46.

This 17th day of November, 2021.



Signed By:
Joseph M. Hood
Senior U.S. District Judge